```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Richmond Division
```

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:95cr104

PETER PAUL

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 125), the RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 129), the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 133), the SURREPLY OF THE UNITED STATES TO DEFENDANT'S MOTION PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 135), the DEFENDANT'S BRIEF IN RESPONSE TO COURT ORDER OF DECEMBER 3, 2019 (ECF No. 137), and the RESPONSE OF THE UNITED STATES TO DEFENDANT'S RESPONSE TO COURT ORDER OF DECEMBER 3, 2019 (ECF No. 140). For the reasons set forth below, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 125) will be denied.

## BACKGROUND

On January 5, 1996, Peter Paul pled guilty to possession with intent to distribute an excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); and to use of a

firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two). Paul was sentenced to a total term of incarceration of 360 months, consisting of 240 months on Count One and 120 months consecutive on Count Two. Paul's criminal history category was VI. That was an agreed upon sentence representing the maximum guideline range at the time of conviction. At the time of conviction, the statutory maximum sentence for Count One was twenty years to life imprisonment and for Count Two was ten years to be served consecutively. By virtue of the Fair Sentencing Act, the statutory penalty for Count One was reduced to ten years to life imprisonment. The statutory penalty for Count Two remained the same.

The United States agrees that Paul is eligible for relief. However, the United States opposes any reduction in Paul's sentence.

## DISCUSSION

Paul's initial motion (ECF No. 125) was filed on February 12, 2019, and, as was the custom at the time, was a bare bones motion, to which the United States responded on March 21, 2019 (ECF No. 129). Then, as was the inclination at the time of the Federal Public Defender's Office, Paul replied (ECF No. 133) and the bulk of Paul's argument was set forth in the reply. Accordingly, the Court ordered the United States to file a sur-reply which it did on June 6, 2019 (ECF No. 135). After studying the matter, the

2

Court issued an Order requiring further briefing. Paul's brief was filed on December 30, 2019 (ECF No. 137), the United States' response was filed on January 31, 2020 (ECF No. 140).

The gist of Paul's position in support of the reduced sentence is that he has mental health problems consisting of psychotic symptoms which "were notable for grandiose and paranoid delusional beliefs, and disorganized thought processes." (ECF No. 133, p. 5, Progress Report). Paul has attempted suicide on several occasions, was seen talking to himself, and allegedly experienced bouts of severe psychotic and manic episodes which included talking to himself, a disheveled appearance, irritability, and pressured speech. His condition stabilized once he had begun to adhere to medication.

Paul also asserts (ECF No. 133) that he will not be a threat to the community upon release because he will be deported. The record shows that there is a detainer lodged against him to return him to his home country of Grenada. Additionally, the record shows that Paul maintained a good work record while in prison and participated in a number of vocational and self-help classes.

Paul also asserts that his "more culpable" co-conspirator was released from federal prison thirteen years ago. That appears to be because the co-conspirator was an early cooperator.

The factual circumstances of the case are set forth in the record and in the presentence report. Paul was a member of the

so-called Poison Clan which was responsible for distributing enormous quantities of controlled substances and for much violence in support of its drug trafficking.[1]

It is apparent from the record that Paul and the United States was arranged and structured so as to arrive at a particular term of imprisonment that the United States thought was appropriate and that Paul was willing to accept. Paul's criminal history category was VI and reflects a number of convictions for which the state courts extended considerable leniency as well as crimes of assault on a correctional officer and threatening a police officer.

Where, as here, a defendant and the United States have agreed upon a particular sentence that was appropriate at the time, that agreement, although not dispositive in respect of the Motion for Reduction of Sentence, is a matter to be taken into account and given serious respect. That is because the plea bargaining process often (as it did here) takes off the table exposure for extensive criminal conduct and achieves a result that the United

---

[1] Paul was involved in the brutal Sugar Bottom murders which was part of the conspiracy conduct for which others were charged in another case against members of the Poison Clan. For reasons that are unknown here, Paul's presentence report does not make reference to the Sugar Bottom murders. Nor does the presentence report make reference to Paul's role in the cocaine distribution activities of the Poison Clan. Paul's role in the Poison Clan was discussed significantly at the trial in which the undersigned presided and therefore the undersigned is familiar with his responsibility. However, that activity is not to be considered in assessing this motion.

States and the defendant think is fair under all the circumstances, taking into account a number of factors including the strengths and weaknesses of the case as well as the defendant's history and offense conduct.

The United States does not contend that the sentence should not be reduced simply because there was an agreed upon sentence however. Instead, the United States argues that the sentence should not be reduced based largely upon Paul's uncharged misconduct. Although the Court is imminently familiar with the record, the trial of the Poison Clan, and the involvement of Paul in that violent organization, the Court is not at liberty to consider all of that because it is not properly before the Court in this matter. The United States could have offered to put on evidence to establish what Paul's role was. But, it did not. Accordingly, the Court is confined to the record that is made in this case.

The significant mitigating factor pressed by Paul is his mental health situation. However, it appears that he is being treated adequately in prison; and that he is taking prescribed medication that is effective in treating his mental illness. The presence of treatable, and successfully treated, mental illness is not sufficient to offset the serious offense conduct and Paul's serious criminal history. That evidence just does not warrant a

reduction of a sentence which the parties agreed was a reasonable one.

It is also argued by Paul that he has spent profitable time while in prison in an effort to prepare himself for life after prison and that he is not a threat to citizens of the United States because he will be deported when released. Quite clearly, Paul's efforts to better himself while in prison are to be taken into account in assessing the motion for reduction of sentence. Laudable though Paul's rehabilitative efforts are, they do not counsel a reduction of sentence that reflects the seriousness of the offense conduct and Paul's serious criminal record. The original sentence was fair and reasonable and sufficient to accomplish the ends of the sentencing statute, 18 U.S.S.G. § 3553(a). And, the parties agreed on that conclusion. That remains true today, notwithstanding Paul's eligibility for a reduced sentence.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 125) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 21, 2020